United States District Court
Southern District of Texas

**ENTERED**

November 14, 2016

David J. Bradley, Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 3:16-cv-269** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **KIRBY INLAND MARINE, L.P.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CONSENT DECREE

## TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | JURISDICTION AND VENUE | 1 |
| II. | APPLICABILITY | ii |
| III. | DEFINITIONS | 2 |
| IV. | CIVIL PENALTY | 3 |
| V. | INJUNCTIVE RELIEF | 5 |
| VI. | STIPULATED PENALTIES | 7 |
| VII. | FORCE MAJEURE | 9 |
| VIII. | DISPUTE RESOLUTION | 11 |
| IX. | EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS | 13 |
| X. | COSTS | 16 |
| XI. | NOTICES | 16 |
| XII. | EFFECTIVE DATE | 17 |
| XIII. | RETENTION OF JURISDICTION | 17 |
| XIV. | MODIFICATION | 17 |
| XV. | TERMINATION | 18 |
| XVI. | PUBLIC PARTICIPATION | 19 |
| XVII. | SIGNATORIES/SERVICE | 19 |
| XVIII. | INTEGRATION | 19 |
| XIX. | FINAL JUDGMENT | 20 |

Plaintiff, the United States of America, on behalf of the United States Coast Guard, has filed a complaint in this action concurrently with this Consent Decree, alleging that Defendant, Kirby Inland Marine, L.P., violated Section 311(b) of the Clean Water Act ("CWA") 33 U.S.C. § 1321(b)(3), when, on March 22, 2014, Defendant discharged oil into the Houston Ship Channel after a barge owned and operated by Kirby collided with another vessel, rupturing one of the tanks on the barge and spilling approximately 4,000 barrels of heavy marine fuel oil into the waterway. The Complaint seeks volume-based civil penalties pursuant to Section 311(b)(7) and injunctive relief pursuant to Section 311(e).

Defendant has undertaken significant efforts to respond to and clean up the oil spill and continues to work with the state and federal natural resource trustees to assess the extent of injuries to natural resources resulting from the spill. Defendant does not admit liability arising out of the occurrences or violations alleged in the Complaint.

The Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid continued litigation between the Parties on the claims addressed in the Complaint, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section I, with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I.    JURISDICTION AND VENUE

1.    This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 311 (b)(7)(E) and (n) of the Act, 33 U.S.C. § 1321(b)(3), and over the Parties. Venue lies in this District pursuant to 311(b)(7)(E) of the

1

CWA, 33 U.S.C. § 1321(b)(7)(E), and 28 U.S.C. §§ 1391 and 1395(a), because the claims arose in this district, and Defendant is located and doing business in this district. For purposes of this Decree, or any action to enforce this Decree, Defendant consents to the Court's jurisdiction over this Decree and any such action and over Defendant and consents to venue in this judicial district.

2.      For purposes of this Consent Decree, Defendant agrees that the Complaint states claims upon which relief may be granted pursuant to Section 311(b) and (e) of the Clean Water Act ("Act"), 33 U.S.C. §1321(b) and (e).

## II.     APPLICABILITY

3.      The obligations of this Consent Decree apply to and are binding upon the United States, and upon Defendant and any successors, assigns, or other entities or persons otherwise bound by law.

4.      Defendant shall provide a copy of this Consent Decree to all officers, employees, and agents whose duties might reasonably include compliance with any provision of this Decree, as well as to any contractor retained to perform work required under this Consent Decree. Defendant shall condition any such contract upon performance of the work in conformity with the terms of this Consent Decree.

5.      In any action to enforce this Consent Decree, Defendant shall not raise as a defense the failure by any of its officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

## III.     DEFINITIONS

6.      Terms used in this Consent Decree that are defined in the Act or in regulations promulgated pursuant to the Act shall have the meanings assigned to them in the Act or such

regulations, unless otherwise provided in this Decree. Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

"Coast Guard" shall mean the United States Coast Guard and any of its successor departments or agencies;

"Complaint" shall mean the complaint filed by the United States in this action;

"Consent Decree" or "Decree" shall mean this Decree;

"Day" shall mean a calendar day unless expressly stated to be a business day. In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day;

"Defendant" shall mean Kirby Inland Marine, L.P.;

"Effective Date" shall have the definition provided in Section XII.

"Paragraph" shall mean a portion of this Decree identified by an Arabic numeral;

"Parties" shall mean the United States and Defendant;

"Section" shall mean a portion of this Decree identified by a Roman numeral;

"United States" shall mean the United States of America, acting on behalf of the Coast Guard.

### IV.   CIVIL PENALTY

7.     Within 30 Days after the Effective Date, Defendant shall pay the sum of four million nine hundred thousand dollars ($4,900,000.00) as a civil penalty, together with interest accruing from the date on which the Consent Decree is lodged with the Court, at the rate specified in 28 U.S.C. § 1961 as of the date of lodging.

3

8.     Defendant shall pay the civil penalty due by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with written instructions to be provided to Defendant by the Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Southern District of Texas. Such monies are to be deposited in the Oil Spill Liability Trust Fund. The payment shall reference the Civil Action Number assigned to this case and DOJ Number 90-5-1-1-11096 and shall specify that the payment is made toward CWA civil penalties to be deposited into the Oil Spill Liability Trust Fund pursuant to 33 U.S.C. § 1321(s) and 26 U.S.C. § 9509(b)(8).

9.     At the time of payment, Defendant shall send a copy of the EFT authorization form and the EFT transaction record, together with a transmittal letter, which shall state that the payment is for the civil penalty owed pursuant to the Consent Decree in this case, and shall reference the Civil Action Number assigned to this case and DOJ Number 90-5-1-1-11096, to the United States in accordance with Section XI of this Decree (Notices) and to:

> Thomas H. VanHorn
> National Pollution Funds Center
> US Coast Guard Mailstop 7605
> 2701 Martin Luther King Jr. Avenue, SE
> Washington, DC 20593-7605
>
> Chief
> Office of Claims and Litigation CG-LCL
> United States Coast Guard
> 2703 Martin Luther King Jr. Avenue, SE
> Washington, DC 20593-7213

10.     Defendant shall not deduct any penalties paid under this Decree pursuant to this Section or Section VI (Stipulated Penalties) in calculating its federal income tax.

4

## V.    INJUNCTIVE RELIEF

11.    Within 90 Days of the Effective Date of this Consent Decree, Defendant shall have installed on each vessel owned and operated by Defendant, an Automatic Identification System ("AIS") capable of recording the complete dimensions of the vessel and its tow configuration. Defendant also shall have provided training to each person responsible for entering the data on how to enter the dimensions of tow configurations into the AIS and on the importance of entering complete and accurate information into the AIS for each trip. Defendant shall ensure that the complete and reasonably accurate dimensions of tow configurations are entered into its AIS for each trip.

12.    Within 90 Days of the Effective Date of this Consent Decree, Defendant shall have installed on each vessel and installed or made available on each leased vessel a navigation system capable of marking contacts and calculating closing/crossing distances and times ("Navigation System"). All employees responsible for the navigation of these vessels shall receive training regarding the proper use of the Navigation System within this time period.

13.    Within 90 Days of the Effective Date of this Consent Decree, Defendant shall submit to the Coast Guard (a) a copy of Defendant's course curriculum on navigation training and the Coast Guard's navigational rules, (b) a description of Defendant's simulator-based training, which is to include training that focuses on navigational challenges in the area of the Texas City Y crossing, and (c) the planned annual schedule for providing these course and simulator trainings to all employees charged with navigational responsibilities aboard Defendant's vessels. Defendant shall implement this training program for all employees charged with navigational responsibilities aboard Defendant's vessels, consistent with any updates and other training requirements.

14.     On or by June 1, 2017, and November 1, 2018, Defendant shall submit to the
United States, in accordance with Section XI (Notices), a letter report documenting that the
training, equipment, and operational practices have been provided and implemented, including
the equipment installed and used and the dates and locations of the trainings, the number of
employees trained, and a summary of the training sessions. Each report also shall summarize any
revisions to the AIS or Navigation System and trainings made to respond to deficiencies in
performance or problems, regulatory revisions, or changes in best management practices in the
industry.

15.     Each report, letter report, or certification submitted by Defendant under this
Section shall be signed by an official of the submitting party and include the following
certification:

> I certify under penalty of law that this document and all attachments were
> prepared under my direction or supervision in accordance with a system designed
> to assure that qualified personnel properly gather and evaluate the information
> submitted. Based on my inquiry of the person or persons who manage the system,
> or those persons directly responsible for gathering the information, the information
> submitted is, to the best of my knowledge and belief, true, accurate, and complete.
> I am aware that there are significant penalties for submitting false information,
> including the possibility of fine and imprisonment for knowing violations.

16.     The AIS and Navigation System installation and operation, and training, required
in this Section will be performed at no direct cost to Defendant's employees. Third party training
is satisfactory for meeting the requirements of this Section.

17.     The requirements of this Consent Decree do not relieve Defendant of any
obligations required by the Act or implementing regulations, or by any other federal, state, or
local law, regulation, permit, or other requirement.

18.     Any information provided pursuant to this Consent Decree may be used by the United States in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

## VI.     STIPULATED PENALTIES

19.     Defendant shall be liable for stipulated penalties to the United States for violations of this Consent Decree as specified below, unless excused under Section VII (Force Majeure). A violation includes failing to perform any obligation required by the terms of this Decree according to all applicable requirements of this Decree and within the specified time schedules established by or approved under this Decree.

20.     <u>Late Payment of Civil Penalty</u>. If Defendant fails to pay the civil penalty required to be paid under Section IV (Civil Penalty) when due, Defendant shall pay a stipulated penalty of five thousand dollars ($5,000) per Day for each Day that the payment is late.

21.     If Defendant fails to perform the injunctive relief required under Section V (Injunctive Relief) when due, Defendant shall pay to the United States a stipulated penalty as follows:

        a.     1st to 30th day: $1,000 penalty per day;

        b.     31st to 60th day: $2,500 penalty per day; and

        c.     More than 60 days: $5,000 penalty per day.

22.     Late payment of the penalty due under this Consent Decree and payment of any stipulated penalties shall be made in accordance with payment instructions in Section IV above. All transmittal correspondence shall state that any payment of stipulated penalties is for late payment of the penalty due under the Consent Decree or for delayed performance of injunctive relief required under this Consent Decree.

7

23.     For all payments of stipulated penalties, Defendant shall reference the Civil

Action Number assigned to this case and DOJ Number 90-5-1-1-11096 and shall specify that

payments are for stipulated penalties to be deposited into the United States Treasury.

24.     Stipulated penalties under this Section shall begin to accrue on the Day after the

performance is due and shall continue to accrue until performance is satisfactorily completed.

Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.

25.     Defendant shall pay any stipulated penalty within thirty (30) Days of receiving the

United States' written demand.

26.     The United States may in the unreviewable exercise of its discretion, reduce or

waive stipulated penalties otherwise due it under this Consent Decree.

27.     Stipulated penalties shall continue to accrue as provided in Paragraphs 20 and 21,

during any Dispute Resolution, but need not be paid until the following:

       a.     If the dispute is resolved by agreement or by a decision of the United

States that is not appealed to the Court, Defendant shall pay accrued penalties determined

to be owing, together with interest, to the United States within thirty (30) Days of the

effective date of the agreement or the receipt of the Coast Guard's decision or order.

       b.     If the dispute is appealed to the Court and the United States prevails in

whole or in part, Defendant shall pay all accrued penalties determined by the Court to be

owing, together with interest, within sixty (60) Days of receiving the Court's decision or

order, except as provided in subparagraph c, below.

       c.     If any Party appeals the District Court's decision, Defendant shall pay all

accrued penalties determined to be owing, together with interest, within fifteen (15) Days

of receiving the final appellate court decision.

8

28.     If Defendant fails to pay stipulated penalties according to the terms of this Consent Decree, Defendant shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due. Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Defendant's failure to pay any stipulated penalties.

29.     The payment of stipulated penalties and interest, if any, shall not alter in any way Defendant's obligation to complete the performance of the requirements of this Consent Decree.

30.     Subject to the provisions of Section IX of this Consent Decree (Effect of Settlement/Reservations of Rights), the stipulated penalties provided for in this Consent Decree shall be in addition to any other rights, remedies, or sanctions available to the United States for Defendant's violation of this Consent Decree or applicable law.

## VII.    FORCE MAJEURE

31.     "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Defendant, of any entity controlled by Defendant, or of Defendant's contractors, that delays or prevents the performance of any obligation under this Consent Decree despite Defendant's best efforts to fulfill the obligation. The requirement that Defendant exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure event and best efforts to address the effects of any potential force majeure event (a) as it is occurring and (b) following the potential force majeure, such that the delay and any adverse effects of the delay are minimized. "Force Majeure" does not include Defendant's financial inability to perform any obligation under this Consent Decree.

32.     If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a force majeure event, Defendant

shall provide notice orally or by electronic or facsimile transmission to the Coast Guard within seventy-two (72) hours of when Defendant first knew that the event might cause a delay. Within seven (7) Days thereafter, Defendant shall provide in writing to the Coast Guard an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; Defendant's rationale for attributing such delay to a force majeure event if it intends to assert such a claim; and a statement as to whether, in the opinion of Defendant, such event may cause or contribute to an endangerment to public health, welfare or the environment. Defendant shall include with any notice all available documentation supporting the claim that the delay was attributable to a force majeure. Failure to comply with the above requirements shall preclude Defendant from asserting any claim of force majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure. Defendant shall be deemed to know of any circumstance of which Defendant, any entity controlled by Defendant, or Defendant's contractors knew or should have known.

33. If the United States agrees that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Decree that are affected by the force majeure event will be extended by the United States for such time as is necessary to complete those obligations. An extension of the time for performance of the obligations affected by the force majeure event shall not, of itself, extend the time for performance of any other obligation. The United States will notify Defendant in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure event.

10

34. If the United States does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, the United States will notify Defendant in writing of its decision.

35. If Defendant elects to invoke the dispute resolution procedures set forth in Section VIII (Dispute Resolution), it shall do so no later than fifteen (15) days after receipt of the United States' notice. In any such proceeding, Defendant shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that Defendant complied with the requirements of Paragraphs 31 and 32. If Defendant carries this burden, the delay at issue shall be deemed not to be a violation by Defendant of the affected obligation of this Consent Decree identified to the United States and the Court.

## VIII. DISPUTE RESOLUTION

36. Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree. Defendant's failure to seek resolution of a dispute under this Section shall preclude Defendant from raising any such issue as a defense to an action by the United States to enforce any obligation of Defendant arising under this Decree.

37. Informal Dispute Resolution. Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations. The dispute shall be considered to have arisen when Defendant sends the United States a written Notice of Dispute. Such Notice of Dispute shall state clearly the matter in dispute. The period of informal

11

negotiations shall not exceed twenty (20) Days from the date the dispute arises, unless that period is modified by written agreement. If the Parties cannot resolve a dispute by informal negotiations, then the position advanced by the United States shall be considered binding unless, within twenty (20) Days after the conclusion of the informal negotiation period, Defendant invokes formal dispute resolution procedures as set forth below.

38.     Formal Dispute Resolution. Defendant shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph, by serving on the United States a written Statement of Position regarding the matter in dispute. The Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting Defendant's position and any supporting documentation relied upon by Defendant.

39.     The United States shall serve its Statement of Position within forty-five (45) Days of receipt of Defendant's Statement of Position. The United States' Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by the United States. The United States' Statement of Position shall be binding on Defendant, unless Defendant files a motion for judicial review of the dispute in accordance with the following Paragraph.

40.     Defendant may seek judicial review of the dispute by filing with the Court and serving on the United States, in accordance with Section XI (Notices), a motion requesting judicial resolution of the dispute. The motion must be filed within ten (10) Days of receipt of the United States' Statement of Position pursuant to the preceding Paragraph. The motion shall contain a written statement of Defendant's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and shall set forth the relief

12

requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

41.     The United States shall respond to Defendant's motion within the time period allowed by the Local Rules of this Court. Defendant may file a reply memorandum, to the extent permitted by the Local Rules.

42.     Except as otherwise provided in this Consent Decree, in any dispute brought under Paragraph 38, Defendant shall bear the burden of demonstrating that its position complies with this Consent Decree and better furthers the objectives of the Consent Decree.

43.     The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Defendant under this Consent Decree, unless and until final resolution of the dispute so provides. Stipulated penalties with respect to the disputed matter shall continue to accrue from the first Day of noncompliance, but payment shall be stayed pending resolution of the dispute as provided in Paragraph 27. If Defendant does not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section VI (Stipulated Penalties).

## IX.     EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

44.     This Consent Decree resolves the civil claims of the United States for the violations alleged in the Complaint.

45.     The United States' potential or actual claims under the Oil Pollution Act ("OPA") for recovery of costs and damages, including natural resource damages, are preserved and set aside from this filed action.

46.     Without admitting liability, Defendant waives any limits on its liability under OPA, 33 U.S.C. § 2704(a), related to the oil spill incident at issue in this case. Defendant makes

13

this waiver without admitting the applicability of any of the exceptions to the limits provided at

33 U.S.C. § 2704(c). Defendant further agrees not to assert any of the defenses to liability

provided at 33 U.S.C. § 2703(a) for any OPA claims brought against Defendant by the United

States.

47.     The United States reserves all legal and equitable remedies available to enforce

the provisions of this Consent Decree.

48.     The United States reserves all legal and equitable claims for, including but not

limited to, injunctive relief, penalties, recovery of OPA response costs and damages including

natural resource damages, criminal liability, and other appropriate relief, except as expressly

provided in Paragraph 44. This Consent Decree shall not be construed to limit the rights of the

United States to obtain penalties, injunctive relief, costs, damages, or other appropriate relief

under the CWA or implementing regulations, or under other federal laws, regulations, or permit

conditions, except as expressly provided in Paragraph 44. The United States further reserves all

legal and equitable remedies to address any imminent and substantial endangerment to the public

health or welfare or the environment arising at, or posed by, Defendant's vessels or operations,

whether related to the violations addressed in this Consent Decree or otherwise.

49.     In any subsequent administrative or judicial proceeding initiated by the United

States for injunctive relief, civil penalties, costs, damages, criminal liability, other appropriate

relief relating to Defendant's violations, Defendant shall not assert, and may not maintain, any

defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue

preclusion, claim preclusion, claim-splitting, or other defenses based upon a contention that the

claims raised by the United States in the subsequent proceeding were or should have been

14

brought in the instant case, except with respect to claims that have been specifically resolved pursuant to Paragraph 44.

50.    This Consent Decree is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations. Defendant is responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and Defendant's compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein. The United States does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Defendant's compliance with any aspect of this Consent Decree will result in compliance with provisions of the CWA or with any other provision of federal, State, or local laws, regulations, or permits.

51.    This Consent Decree does not limit or affect the rights of Defendant or of the United States against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Defendant, except as otherwise provided by law.

52.    This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

53.    Defendant hereby covenants not to sue and agrees not to assert any claims related to the discharge or response activities in connection with the discharge against the United States pursuant to the CWA, OPA, or any other state or federal law or regulation for acts or omissions through the date of lodging of the Consent Decree. Defendant further covenants not to sue and agrees not to assert any direct or indirect claim for reimbursement from the Oil Spill Liability Trust Fund or pursuant to any other provision of law.

## X.    COSTS

54.    The Parties shall bear their own costs of this action, including attorneys' fees, except that the United States shall be entitled to collect the costs (including attorneys' fees) incurred in any action necessary to collect any portion of the civil penalty or any stipulated penalties due but not paid by Defendant.

## XI.    NOTICES

55.    Unless otherwise specified in this Decree, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing and addressed as follows:

As to the United States

To the U.S. Department of Justice:

> EES Case Management Unit
> Environment and Natural Resources Division
> U.S. Department of Justice
> P.O. Box 7611
> Washington, D.C. 20044-7611
> eescdcopy.enrd@usdoj.gov
> Re: DJ #90-5-1-1-11096

To the U.S. Coast Guard:

> Chief
> Office of Claims and Litigation CG-LCL
> United States Coast Guard
> 2703 Martin Luther King Jr. Avenue, SE
> Washington, DC 20593-7213

> Staff Judge Advocate
> United States Coast Guard
> Eighth Coast Guard District
> 500 Poydras Street
> New Orleans, LA 70130

As to Defendant:

<div style="margin-left: 40%;">

Amy D. Husted
Vice President – Legal
Kirby Inland Marine
55 Waugh Drive, Suite 1000
Houston, TX 77251-1537
Tel: (713) 435-1000
amy.husted@KirbyCorp.com

Molly Cagle
Baker Botts L.L.P.
98 San Jacinto Blvd., Suite 1500
Austin, TX 78701-4078
Tel: (512) 322-2535
molly.cagle@bakerbotts.com

</div>

56.    Any Party may, by written notice to the other Parties, change its designated notice recipient or notice address provided above.

57.    Notices submitted pursuant to this Section shall be deemed submitted upon mailing, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

## XII.    EFFECTIVE DATE

58.    The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

## XIII.    RETENTION OF JURISDICTION

59.    The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of effectuating or enforcing compliance with the terms of this Decree.

## XIV.    MODIFICATION

60.    The terms of this Consent Decree, including any attached appendices, may be modified only by a subsequent written agreement signed by all the Parties. Where the

modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court.

61.     Any dispute concerning modification of this Decree shall be resolved pursuant to Section VIII (Dispute Resolution), provided, however, that instead of the burden of proof provided in that Section, the Party seeking modification bears the burden of demonstrating that it is entitled to the required modification in accordance with Federal Rule of Civil Procedure 60(b).

## XV.     TERMINATION

62.     After Defendant has completed the requirements of this Consent Decree, including injunctive relief, and has paid the civil penalty and any accrued stipulated penalties as required by this Consent Decree, Defendant may serve upon the United States a Request for Termination, stating that Defendant has satisfied those requirements, together with all necessary supporting documentation.

63.     Following receipt by the United States of Defendant's Request for Termination, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether Defendant has satisfactorily complied with the requirements for termination of this Consent Decree. If the United States agrees that the Decree may be terminated, the Parties shall submit, for the Court's approval, a joint stipulation terminating the Decree.

64.     If the United States does not agree that the Decree may be terminated, Defendant may invoke Dispute Resolution under Section VIII. However, Defendant shall not seek Dispute Resolution of any dispute regarding termination until thirty (30) Days after service of its Request for Termination.

18

## XVI.   PUBLIC PARTICIPATION

65.     This Consent Decree shall be lodged with the Court for a period of not less than

thirty (30) Days for public notice and comment in accordance with 28 C.F.R. § 50.7. The United

States reserves the right to withdraw or withhold its consent if the comments regarding the

Consent Decree disclose facts or considerations indicating that the Consent Decree is

inappropriate, improper, or inadequate. Defendant consents to entry of this Consent Decree

without further notice and agrees not to withdraw from or oppose entry of this Consent Decree

by the Court or to challenge any provision of the Decree, unless the United States has notified

Defendant in writing that it no longer supports entry of the Decree.

## XVII.   SIGNATORIES/SERVICE

66.     Each undersigned representative of Defendant and the Assistant Attorney General

for the Environment and Natural Resources Division of the Department of Justice certifies that

he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to

execute and legally bind the Party he or she represents to this document.

67.     This Consent Decree may be signed in counterparts, and its validity shall not be

challenged on that basis. Defendant agrees to accept service of process by mail with respect to all

matters arising under or relating to this Consent Decree and to waive the formal service

requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any

applicable Local Rules of this Court including, but not limited to, service of a summons.

## XVIII. INTEGRATION

68.     This Consent Decree constitutes the final, complete, and exclusive agreement and

understanding among the Parties with respect to the settlement embodied in the Decree and

supersedes all prior agreements and understandings, whether oral or written, concerning the

settlement embodied herein. The Parties acknowledge that there are no representations, agreements, or understandings relating to the settlement other than those expressly contained in this Consent Decree.

### XIX.   FINAL JUDGMENT

69.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the United States and Defendant.

Dated and entered this _____ day of _____, 2016.


_____
UNITED STATES DISTRICT JUDGE

Signature Page to Consent Decree in *United States v. Kirby Inland Marine, L.P.*

**FOR PLAINTIFF THE UNITED STATES OF AMERICA:**

9-26-16
_____
Date

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division
U.S. Department of Justice

9-26-16
_____
Date

JASON T. BARBEAU (D.C. Bar #468200)
Senior Trial Attorney
EMILY C. POWERS (N.Y. Bar #5132204)
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 616-8908
Fax: (202) 616-6584
E-mail: jason.barbeau@usdoj.gov

KENNETH MAGIDSON
United States Attorney
Southern District of Texas

DANIEL DAVID HU
Chief, Civil Division (Texas Bar No. 10131415)
United States Attorney's Office
Southern District of Texas
1000 Louisiana, Suite 2300
Houston, TX  77002
Phone: (713) 567-9518
E-mail: daniel.hu@usdoj.gov

21

Signature Page to Consent Decree in *United States v. Kirby Inland Marine, L.P.*

**FOR PLAINTIFF THE UNITED STATES OF AMERICA (continued):**

Dated: _13 SEP 2016_

BRIAN JUDGE
Chief, Office of Claims and Litigation
United States Coast Guard
Coast Guard Headquarters
2703 Martin Luther King Jr. Ave, SE
Washington, DC 20593-7213

Dated: _15 SEP 2016_

PHILIP C. SCHIFFLIN
Staff Judge Advocate
United States Coast Guard
Eighth Coast Guard District
500 Poydras Street
New Orleans, LA 70130

Signature Page to Consent Decree in *United States v. Kirby Inland Marine, L.P.*

**FOR DEFENDANT KIRBY INLAND MARINE, L.P.:**

9-13-2016
Date

Christian G. O'Neil
Chief Operating Officer
Kirby Inland Marine, LP

23